

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2008

# Powell v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2618

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Powell v. Beard" (2008). *2008 Decisions.* Paper 819.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/819

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2618
_____

KEVIN POWELL,
                         Appellant

v.

JEFFREY BEARD;
FRANKLIN J. TENNIS; MARGARET MILLER; MARY JO HAYS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 05-0955
(Honorable James F. McClure, Jr.)
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2008
Before:  SCIRICA, Chief Judge, HARDIMAN and COWEN, Circuit Judges.

(Filed: July 22, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Kevin Powell, a pro se prisoner, is incarcerated at S.C.I.-Rockview in Bellefonte,

Pennsylvania.  He initiated this civil rights action under 42 U.S.C. §1983 in the United

States District Court for the Middle District of Pennsylvania, alleging violations of the

Eighth Amendment and retaliation. Although defendants moved for summary judgment only as to the Eighth Amendment claim, the District Court granted summary judgment as to both claims on the basis that Powell's failure to show deliberate indifference necessarily meant that he could not show an improper motive in support of his retaliation claim. We will affirm.

Powell alleged that on January 31, 2005, defendant Margaret Miller, a nurse at the correctional institution, forced him to take the wrong medicine, which caused unspecified health problems, and that she refused to permit Powell to see a doctor. Powell alleges that Miller was retaliating against him for a previous lawsuit he had filed in state court. Powell also alleged that defendant Mary Jo Hays refused to permit Powell to see a doctor, also in retaliation. Powell asserted that Miller and Hays conspired against him because he had sued one of their friends, Nurse Myers.

The District Court dismissed Powell's claims seeking damages from defendants Beard and Tennis. The defendants moved for summary judgment on the remaining claims on the basis that Powell allegedly had failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Defendants subsequently moved for summary judgment on Powell's Eighth Amendment claim. Powell filed a response in opposition. In their reply brief, defendants addressed Powell's retaliation claim. The Magistrate Judge recommended granting in part and denying in part defendants' summary judgment motion regarding exhaustion. The Magistrate Judge

recommended granting summary judgment on Powell's Eighth Amendment claim, and denying summary judgment on Powell's retaliation claim due to defendants' failure to present their argument in their opening brief. The District Court adopted the Magistrate Judge's recommendations regarding exhaustion and the Eighth Amendment claim. The District Court disagreed with the Magistrate Judge's recommendation regarding the retaliation claim and granted summary judgment as to both the Eighth Amendment claim and the retaliation claim. Powell appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review an order granting summary judgment de novo, and we apply the same standard that the District Court should have applied. MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005).

Powell has stated that he appeals the District Court's order only as to his retaliation claim. Accordingly, we will confine our review to that issue.[1]

To prevail on a claim for retaliation by prison officials, a plaintiff must show that: (1) he engaged in constitutionally protected conduct; (2) he suffered some "adverse action" by prison officials; and (3) his exercise of a constitutional right was a substantial or motivating factor in the adverse action. Rauser v. Horn, 241 F.3d 330, 333-334 (3d Cir. 2001). "Prison officials may still prevail by proving that they would have made the

---

[1] It appears that summary judgment was properly granted as to Powell's other claims.

same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

Defendants failed to move for summary judgment on Powell's retaliation claim. Although District Courts have the power to grant summary judgment sua sponte, entry of summary judgment generally is proper only if the party against whom summary judgment will be entered had notice of possible summary judgment and an opportunity to come forward with relevant evidence to prevent summary judgment. Gibson v. Mayor and Council of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004) (citing Celotex v. Catrett, 377 U.S. 317, 326 (1986)).

The District Court determined that permitting Powell to respond would be futile because Powell had failed to proffer any evidence of the defendants' deliberate indifference and thus could not prevail as a matter of law. We agree. As the District Court observed, the record reveals that Powell refused to be weighed and/or measured when he sought to be examined by a prison doctor, and that his lack of cooperation prevented him from seeing a doctor. Powell submitted nothing to dispute those facts. Although defendants did not move for summary judgment on the retaliation claim, Powell was on notice that he was required to come forward with evidence to dispute defendants' explanation of their actions in response to defendants' motion for summary judgment as to his Eighth Amendment claim that he was denied access to medical care. Powell failed to proffer any evidence of improper motive, and therefore, his retaliation claim fails.

4

For this reason, we will affirm the District Court's judgment.